Jamie E. Wrage, State Bar #188982
**GRESHAM SAVAGE NOLAN & TILDEN,**
**A Professional Corporation**
3750 University Avenue, Suite 250
Riverside, CA 92501
Telephone: (951) 684-2171
Facsimile: (951) 684-2150

Attorney for Defendants,
ROGER CLARK, an individual; CRM
INVESTORS CORPORATION, a Michigan
corporation and FORTRESS GROUP USA,
LLC, a Michigan limited liability company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAU PAPATHEODOROU, an individual; | CASE NO. C08 01905 JW |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES To The Honorable James Ware |
| vs. | Courtroom 8 |
| ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation, FORTRESS GROUP USA, LLC, a Michigan limited liability company; NATIONAL CITY BANK, an Ohio corporation, and DOES 1 through 50, inclusive, | **NOTICE OF MOTION AND MOTION BY DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC TO TRANSFER OR DISMISS FOR IMPROPER VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND 28 USC § 1406(a); OR IN THE ALTERNATIVE TO TRANSFER PURSUANT TO 28 USC § 1404(a); POINTS & AUTHORITIES IN SUPPORT THEREOF** |
| Defendants. | |
| | Date: September 15, 2008 Time: 9:00 am |
| | *[Filed concurrently with the Declaration of Roger Clark in Support of the Motion to Transfer or Dismiss.]* |

- 1 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A Professional Corporation
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

# TABLE OF CONTENTS

I.  INTRODUCTION ..........................................................................................................4

II.  RELEVANT FACTS .....................................................................................................5

III.  LEGAL ARGUMENT ...................................................................................................6

    A.  The Claims As To The Moving Defendants Should Be Transferred or Dismissed Based Upon A Valid And Mandatory Michigan Forum-Selection Clause..........................6

        1.  Papatheodorou Cannot Overcome The Strong Presumption In Favor Of The Parties' Mandatory Forum-Selection Clause ...............................................7

        2.  Case Law Supports Transfer Or Dismissal Of The Claims Against The Moving Defendants Based On The Agreed-Upon Venue Provision .................8

    B.  In The Alternative, The Moving Defendants Request That ...............................................11

    C.  In The Alternative, The Moving Defendants Request That The Case Be Transferred Pursuant To 28 USC § 1404(a) ...............................................................12

IV.  CONCLUSION............................................................................................................15

**Cases**

*American Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.*
    (7th Cir. 2004) 364 F.3d 884 ................................................ 8, 9, 10, 11,12

*Argueta v. Banco Mexico, S.A.* (1996) 87 F.3d 320, 325...............................................7

*Brandon Apparel Group, Inc. v. Quitman Mfg. Waste Mgmt., Inc.*
    (N.D. Ill. 1999) 42 F. Supp. 1110, 1121 .............................................................. 13

*Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 32...............................................7

*Hoover Group, Inc. v. Custom Metalcraft, Inc.*
    (Fed. Cir. 1996) 84 F.3d 1408, 1410......................................................................6

*Jackson v. West Telemarketing Crop. Outbound*
    (5th Cir. 2001) 245 F.3d 518, 513 ......................................................................... 11

*Lewis v. AACB Business Srvs., Inc.*
    (6th Cir. 1998) 135 F.3d 389, 413 ......................................................................... 13

*Manetti-Farrow, Inc. v. Gucci America, Inc.*
    (9th Cir. 1988) 858 F.2d 509, 513 ...........................................................................6

*i*

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

*Murphy v. Schneider Nat., Inc.* (2003) 362 F.3d 1133, 1137, 1141 .................................. 6, 7, 10,

*PI, Inc. v. Quality Prods., Inc.* (S.D.N.Y. 1995) 907 F. Supp. 752, 757 ................................ 6, 12,

*Richards v. Lloyd's of London* (9th Cir. 1998) 135 F.3d 1289, 1297 .................................... 8

*Scherk v. Alberto-Culver Co.* (1974) 417 U.S. 506, 519 n. 14 ...................................... 7

*Stewart Org., Inc. v. Ricoh Corp.* (1988) 487 U.S. 22, 28, 29 ................................... 6, 13

**Statutes**

28 USC § 1391(a) ...................................................................................... 12

28 USC § 1391(a)(2) ................................................................................. 4,12

28 USC § 1391(a)(3) ................................................................................. 13

28 USC § 1404(a) ...................................................................................... 13

28 USC § 1406(a) ...................................................................................... 7, 12

Federal Rule of Civil Procedure, Rule 12(b)(3) ........................................ 7

Rule 12(b)(3) ............................................................................................ 11

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

*ii*

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2

3    PLEASE TAKE NOTICE that on September 15, 2008, at 9:00 a.m. in

4    Courtroom 8 of the above-captioned Court, located 280 South First Street, San

5    Jose, California, Defendants Fortress Group USA, LLC, Roger Clark and CRM

6    Investors Corporation (the "Moving Defendants") will and hereby do move this

7    Court, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(3), and 28 USC §

8    1406(a) to transfer the claims against them or the entire case to the Western

9    District of Michigan; or to alternatively transfer the entire action to the Western

10   District of Michigan pursuant to  or 28 USC § 1404(a).

11   This Motion is made on the ground that Plaintiff's claims against the

12   Moving Defendants are subject to a mandatory forum-selection clause, which

13   provides that the State of Michigan is the only proper venue for this action.  Venue

14   in the Northern District of California is not proper because a substantial part of the

15   events that are the basis of the Complaint did not take place in the Northern

16   District of California.  Finally, transfer is proper in the interest of justice and for

17   the convenience of the parties because, in addition to the agreed-upon forum-

18   selection clause, the contract was drafted and to be performed in Michigan, the

19   Moving Defendants are residents of Michigan, and the only in-person meeting

20   between Plaintiff and the Moving Defendants took place in Michigan.

21   This Motion is based upon this Notice of Motion and Motion, the

22   accompanying Points and Authorities, all pleadings and papers on file in this

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28
- 2 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

1  action, and any other matters as may be presented to the Court at the time of

2  hearing.

3  Dated:  May 22, 2008                    GRESHAM SAVAGE NOLAN &
                                           TILDEN,
4                                          A Professional Corporation

5

6                                          By:

7                                              Jamie E. Wrage
                                               Attorney for Defendants,
8                                              ROGER CLARK, CRM INVESTORS
                                               CORPORATION and FORTRESS
9                                              GROUP USA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

- 3 -

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Chau Papatheodorou ("Papatheodorou") entered into a written agreement, the "Participation Agreement," which forms the basis of the transaction that led to all of her breach of contract and fraud claims against the various defendants. That Participation Agreement was between Defendant Fortress Group USA, LLC ("Fortress") and Papatheodorou, although she also sued related-Defendants Roger Clark ("Clark") and CRM Investors Corporation ("CRM") based upon the same agreement and events.

The Participation Agreement contains a mandatory forum-selection clause, which provides: "The State of Michigan shall be the legal venue with respect to this Participation Agreement and any action in relation thereto." As such, Michigan is the only proper venue for Papatheodorou's claims against Fortress, Clark and CRM. They move herein to transfer venue of all claims against them to the Western District of Michigan based upon the forum-selection clause.

In the alternative, Fortress, Clark and CRM assert that venue in the Northern District of California is improper under 28 USC § 1391(a)(2), because a "substantial part of the events or omissions giving rise to the claim[s]" did not occur in that district. They ask that the entire action be transferred or dismissed on that basis.

Finally, if the Court finds venue to be proper in the Northern District of California, Fortress, Clark and CRM ask that the Court exercise its discretion to transfer the action to the Western District of Michigan based upon the mandatory forum-selection clause and for the convenience of the parties and witnesses.

/ / /

/ / /

- 4 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

## II.

## RELEVANT FACTS

In her Complaint for Damages, Papatheodorou has sued both the defendant-company with which she had a direct contract, Fortress, and those she claims to be its affiliates—Clark and CRM. The contract between Papatheodorou and Fortress (the "Participation Agreement") contains a mandatory forum-selection clause making Michigan the proper venue for any action relating to the agreement. (Complaint, Ex. A (Participation Agreement), ¶7 ("The State of Michigan shall be the legal venue with respect to this Participation Agreement and any action in relation thereto.").

Papatheodorou also sued National City Bank (the "Bank"), the escrow holder for the funds transferred under the Participation Agreement. The Bank has its own written agreement with Fortress (the "Escrow Agreement"), (*id.,* Ex. B), but no contract with Papatheodorou. To maintain her claims against the Bank, Papatheodorou claims to be a third-party beneficiary to the Escrow Agreement. (Complaint at ¶45.) The Escrow Agreement contains a mandatory forum-selection clause for Cuyahoga County, Ohio. (*Id.,* Ex. B at ¶12.)

The Complaint contains claims for breach of written contract, specific performance, negligence, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, conversion, intentional misrepresentation, negligent misrepresentation, fraudulent concealment and intentional infliction of emotional distress. Papatheodorou's basis for jurisdiction is diversity. (Complaint at ¶6.) All of her claims stem from a United States Treasury Bill Program ("T-Bill Program") that Papatheodorou entered into with Fortress.

Clark was present in Michigan during all conversations with Papatheodorou relating to the T-Bill Program, generally in the Fortress offices in Grand Rapids. The Participation Agreement was drafted in Grand Rapids, Michigan and executed

- 5 -

1 there by Fortress. (Clark Dec., ¶4.) Papatheodorou resides in Palo Alto,

2 California. (Complaint at ¶1.) The escrow holder for the T-Bill Program was

3 National City Bank, in Cleveland, Ohio. (Complaint at ¶5.)[1] Papatheodorou

4 utilized an advisor/broker, Vernon Maes aka Les Maes ("Maes"), who negotiated

5 the terms of the Participation Agreement on her behalf. (Clark Dec., ¶6.) Maes

6 received payments as a broker relating to this transaction in San Antonio, Texas,

7 and maintains a San Antonio, Texas, a telephone number. (*Id.*)

8     Based upon the mandatory forum-selection clause in the Participation

9 Agreement, Fortress, Clark and CRM (jointly, the "Moving Defendants") seek to

10 have the claims against them transferred to the Western District of Michigan, or

11 dismissed.

## III.

## LEGAL ARGUMENT

**A.    The Claims As To The Moving Defendants Should Be Transferred or Dismissed Based Upon A Valid And Mandatory Michigan Forum-Selection Clause**

17     Venue provisions are for the benefit of defendants. *Hoover Group, Inc. v.*

18 *Custom Metalcraft, Inc.* (Fed. Cir. 1996) 84 F.3d 1408, 1410. Where there are

19 multiple defendants, the plaintiff must show that it is proper for each defendant and

20 each claim. *Id.; see also PI, Inc. v. Quality Prods., Inc.* (S.D.N.Y. 1995) 907 F.

21 Supp. 752, 757. When a motion to enforce a forum-selection clause is brought

22 pursuant to Federal Rule of Civil Procedure, Rule 12(b)(3), the complaint and

23 other pleadings do not have to be accepted as true. *Murphy v. Schneider Nat., Inc.*

24 (2003) 362 F.3d 1133, 1137. Matters outside the pleadings can be considered. *Id.*[2]

---

[1] Cleveland is in Cayahoga County, Ohio.
[2] Venue determinations are based on federal law even if the action is one based upon diversity jurisdiction. *Stewart Org., Inc. v. Ricoh Corp.* (1988) 487 U.S. 22, 28. Federal law also governs forum-selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci America, Inc.* (9th Cir. 1988) 858 F.2d 509, 513.

- 6 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

1      If the Court determines venue is improper as to a defendant, it may dismiss

2  the claims against that defendant or transfer them to any district in which the

3  claims could have originally been brought.  28 USC § 1406(a).  Here, the Moving

4  Defendants ask for transfer to the Western District of Michigan, one district where

5  original venue was proper, unless the Court finds the remedy of dismissal more

6  appropriate under the circumstances.  (Clark Dec., ¶10.)

7               1.    <u>Papatheodorou Cannot Overcome The Strong Presumption In</u>

8                    <u>Favor Of The Parties' Mandatory Forum-Selection Clause</u>

9      Forum-selection clauses are presumptively valid.  *Bremen v. Zapata Off-*

10  *Shore Co.* (1972) 407 U.S. 1, 32.  They should be honored "absent some

11  compelling and countervailing reason." *Id.* at 12.  The Supreme Court has

12  construed exceptions to the enforcement of forum-selection clauses narrowly.

13  *Argueta v. Banco Mexico, S.A.* (1996) 87 F.3d 320, 325.  A party challenging a

14  forum-selection clause bears a "heavy burden of proof" that for some reason

15  enforcement of the clause would be "unreasonable and unjust" such that the

16  plaintiff effectively would be deprived of its day in court.  *Bremen,* 407 U.S. at 15;

17  *Argueta,* 87 F.3d at 325.  A mere difference in bargaining power of the parties or

18  their level of education will not overcome the strong presumption in favor of

19  enforcement.  *Murphy,* 362 F.3d at 1141.

20      For the purpose of considering alleged fraud as a bar to enforcement, the

21  focus is on the forum-selection clause and not the overall contract or transaction.

22  Absent allegations that the forum-selection clause itself was procured by fraud or

23  coercion, the clause is enforceable.  *Id.*, *citing Scherk v. Alberto-Culver Co.* (1974)

24  417 U.S. 506, 519 n. 14.

25      The facts here call for the enforcement of the forum-selection clause in the

26  Participation Agreement.  The terms of the Participation Agreement were

27  negotiated between the parties.  (Clark Dec., ¶¶6-7.)  While other portions of the

28

- 7 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA  92501-3335
(951) 684-2171

272216.2

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

1    Participation Agreement were changed at Papatheodorou's request or at the request

2    of Maes, they did not ask to change the mandatory forum-selection clause. (*Id.*)

3    The clause properly sets venue for any and all claims relating to the Participation

4    Agreement in Michigan. (Complaint, Ex. A at ¶7.) And because Papatheodorou

5    can make no claim of fraud as to the inclusion of the specific forum-selection

6    clause, it is irrelevant that Papatheodorou has included fraud causes of action in her

7    Complaint. *Richards v. Lloyd's of London* (9th Cir. 1998) 135 F.3d 1289, 1297.

8    The forum-selection clause is enforceable and applicable to this action.

9              2.    <u>Case Law Supports Transfer Or Dismissal Of The Claims</u>

10                   <u>Against The Moving Defendants Based On The Agreed-Upon</u>

11                   <u>Venue Provision</u>

12         The facts in the case of *American Patriot Ins. Agency, Inc. v. Mutual Risk*

13    *Mgmt., Ltd.* (7th Cir. 2004) 364 F.3d 884, are strikingly analogous to those here

14    and lend strong guidance for the proper result on Defendants' Motion. Plaintiff

15    American Patriot Insurance Agency ("Patriot") filed a lawsuit against a group of

16    insurance company defendants (the "Insurance Defendants") and against an

17    unaffiliated policy administrator hired by the Insurance Defendants (the

18    "Administrator"). Patriot did not have a direct contract with the Insurance

19    Defendants, but did have a contract called the "Shareholder Agreement" with an

20    affiliated company. The Court found the Shareholder Agreement to be the

21    "principal" agreement among several contracts relating to the parties' relationship;

22    those contracts formed a "package" that "all worked together to create and

23    administer the insurance program." *Id.* at 888-89. In its complaint, Patriot claimed

24    that the Insurance Defendants "had committed breaches of contract and had

25    fraudulently induced [it] to post letters of credit to secure its obligations under the

26    Shareholder Agreement." *Id.* at 887.

27

28

- 8 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

1    Only the Shareholder Agreement had a forum selection clause. *Id.* at 886.
2  That clause provided that all claims were to be governed exclusively by the laws of
3  Bermuda. *Id.* Patriot did not have a contract with the Administrator, but claimed
4  to be a third-party beneficiary to the written agreement between the Insurance
5  Defendants and the Administrator. *Id.* at 889. That contract contained a clause
6  requiring binding arbitration under Texas law. *Id.*

7    The district court below dismissed all claims against both the Insurance
8  Defendants and the Administrator based upon the Bermuda forum-selection clause
9  in the Shareholder Agreement. Patriot appealed and the Seventh Circuit prepared
10  an in-depth and well-reasoned opinion enforcing the Bermuda forum-selection
11  clause as to the Insurance Defendants.

12    All of Patriot's bases to avoid having its claims against the Insurance
13  Defendants dismissed for improper venue were ruled inadequate. Patriot tried to
14  argue that because it had sued only the affiliated insurance companies (not the
15  company whose contract had a forum-selection clause), it could avoid the
16  application of the clause. Patriot also tried to argue that because it had sued the
17  Insurance Defendants for fraud, rather than breach of contract, the forum-selection
18  clause in the Shareholder Agreement did not apply. *Id.* at 889. In response, Judge
19  Posner of the Seventh Circuit explained that a plaintiff cannot avoid the application
20  of a forum-selection clause by artful pleadings or by suing affiliated entities:

21
22      The plaintiff argues that its disputes with the [Insurance
       Defendants] concern other contracts, which are part of
23      the overall insurance program but do not contain forum
       selection clauses, rather than the Shareholder Agreement;
24      that they are not purely contractual disputes, because
       fraud is also charged; and that none of the [Insurance
25      Defendants] was actually a party to the Shareholder
       Agreement.... **These are really the same argument,**
26      **and amount to saying that a plaintiff can defeat a**
27      **forum-selection clause by its choice of provisions to**
28
                                    - 9 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

1  **sue on, of legal theories to press, and of defendants to
2  name in the suit. If this were true, such clauses would
   be empty. It is not true.** *Id.* at 888-89, emphasis added.

3      On the topic of artful pleadings, the Court of Appeal added that a plaintiff

4  cannot avoid application of a forum-selection clause by couching its complaint as a

5  tort claim or claiming fraudulent inducement: "[A] dispute over a contract does

6  not cease to be such merely because instead of charging breach of contract the

7  plaintiff charges a fraudulent breach, or fraudulent inducement, or fraudulent

8  performance." *Id.* Even where overall fraud is alleged, the proper forum is the one

9  the parties selected to resolve their disputes before a dispute arose. *Id.*; *accord*

10 *Murphy,* 362 F.3d at 1141. As such, the dismissal of the claims against the

11 Insurance Defendants for improper venue was affirmed.

12     The Seventh Circuit then turned to the issue of the Administrator, a company

13 that had its own written contract with the Insurance Defendants but had no written

14 contract with Patriot. Because Patriot claimed to be a third-party beneficiary under

15 the Administrator's contract, the Court of Appeal held that Patriot was bound to

16 the choice of law (Texas) provision and arbitration clauses therein. *American*

17 *Patriot,* 364 F.3d at 890. Because the Administrator had not sought to invoke the

18 arbitration provision, the dismissal of the claims against the Administrator was

19 reversed pending any motion it might make to compel arbitration under its own

20 agreement. *Id.*

21     Applying the same analysis here, the Motion by Fortress, CRM and Clark

22 for improper venue based upon the Michigan forum-selection clause should be

23 granted. Papatheodorou sued Fortress, CRM and Clark based upon the

24 Participation Agreement. (*See generally* Complaint.) The Participation

25 Agreement contains a mandatory forum-selection clause making Michigan the only

26 proper venue for any action relating to the agreement. (Complaint, Ex. A at ¶7.)

27 As did the Shareholder Agreement in *American Patriot,* the Participation

28

- 10 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

1   Agreement sets forth the investment program that is the basis of Papatheodorou's

2   case.  So despite Papatheodorou's allegations of fraud and her inclusion of other

3   affiliated defendants in the case, the Michigan forum-selection clause in the

4   Participation Agreement governs all of her claims against Defendants Fortress,

5   CRM and Clark.  Her claims against these Moving Defendants are properly

6   transferred to Michigan or dismissed.[3]

7        As for the Bank, it has its own written agreement with Fortress, as alleged in

8   the Complaint.  (Complaint at ¶19.)  That written contract, the "Escrow

9   Agreement," provides that Cuyahoga, County Ohio (the Northern District of Ohio)

10  is the only proper venue for claims relating to it.  (*Id.*, Ex. B at ¶12.)  So again, as

11  was the situation in *American Patriot* with the Administrator, until and unless the

12  Bank raises the issue of venue under the Escrow Agreement, Papatheodorou's

13  claims against it should remain before this Court.

14       For these reasons, the Moving Defendants ask that the Court transfer the

15  claims against them to the Western District of Michigan or dismiss those claims to

16  be refiled in the proper venue.

17  **B.    In The Alternative, The Moving Defendants Request That**

18  **       The  Entire Case Be Transferred Or Dismissed For Lack Of**

19  **       Venue In The Northern District Of California**

20       In the alternative, the Moving Defendants ask that the entire case be

21  dismissed or transferred under Rule 12(b)(3) to the Western District of Michigan

22  based upon improper venue.  *Jackson v. West Telemarketing Crop. Outbound* (5th

23  Cir. 2001) 245 F.3d 518, 513.  When diversity jurisdiction is alleged, the venue

24  provisions of 28 USC § 1391(a) apply.  Pursuant to 28 USC § 1391(a), venue may

25  lie in multiple districts and is proper where a "substantial part of the events or

26  _____

27  [3] While the agreement does not limit venue to any specific district in Michigan, the
    Moving Defendants assert that the Western District of Michigan is the most proper
    venue as that is the district where they reside, where the contract was drafted, and

28  where it was to be administered.  (Clark Dec., ¶¶2-4,12.)

                              - 11 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA  92501-3335
(951) 684-2171

272216.2

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

1 omissions giving rise to the claim occurred." USC § 1391(a)(2); *See also PI, Inc.*,
2 907 F. Supp. at 757. Here, a substantial part of the events giving rise to
3 Papatheodorou's claims did not arise in the Northern District of California, making
4 it an improper venue.

5     The Participation Agreement between Fortress and Chau Papatheodorou
6 ("Papatheodorou") was drafted by Fortress in Grand Rapids, Michigan, and
7 executed there by Clark on behalf of Fortress. (Clark Dec., ¶4.) The Moving
8 Defendants are residents of Michigan (Complaint at ¶¶2-4) All monies were wired
9 to the Bank in Ohio, which is its place of residence. (Complaint at ¶¶5 & 22.) Any
10 acts by the Bank occurred in Ohio. (*See id.*; Clark Dec., ¶9.) The only in-person
11 meeting between Papatheodorou and Clark took place in Michigan. (Complaint at
12 ¶31.) And, of course, the parties to the Participation Agreement agreed to a
13 mandatory Michigan forum-selection clause. (*Id.* at ¶7.) As such, proper venue
14 under 28 USC § 1391(a), where a substantial portion of the underlying events took
15 place, lies only in the Western District of Michigan and the Northern District of
16 Ohio.

17     Because the Northern District of California is the improper forum, under 28
18 USC § 1391(a)(2), then 28 USC § (a)(3) applies to provide venue in "a jurisdiction
19 in which any defendant is subject to personal jurisdiction at the time the action is
20 commenced." One such district is the Western District of Michigan. The moving
21 Defendants ask that the Court transfer the case to the Western District of Michigan,
22 where is could have been filed originally, or dismiss the action entirely so that it
23 can be refiled by Papatheodorou in a proper court. 28 USC § 1406(a).

24     **C.    In The Alternative, The Moving Defendants Request That The**
25         **Case Be Transferred Pursuant To 28 USC § 1404(a)**
26     If the Court disagrees with the analysis above, and believes that venue in the
27 Northern District of California was not improper, the Moving Defendants ask that
28

- 12 -

the Court instead transfer venue to the Western District of Michigan based upon 28 USC § 1404(a). Section 1404(a) gives the Court broad discretion to transfer venue based on the convenience of the parties and in the interest of justice by balancing of various factors. Case-specific factors to be considered include the presence of a forum-selection clause. *Stewart Org., Inc. v. Ricoh Corp.* (1988) 487 U.S. 22, 29. Other relevant factors that can be considered are the convenience of witnesses and the convenience of the parties.[4]

First, the forum-selection clause in the Participation Agreement must "be a significant factor that figures centrally in the district court's calculus." *Id.* The mandatory forum-selection clause here was voluntarily entered into by the parties in advance of any dispute and the Moving Defendants seek only to have the case heard in the forum Papatheodorou agreed to.

Second, the convenience of the parties is considered important to such an analysis, with the plaintiff's choice of forum to be given extra weight. *Lewis v. AACB Business Srvs., Inc.* (6th Cir. 1998) 135 F.3d 389, 413. Papatheodorou obviously believes that the Northern District of California is most convenient for her. However, the other four named parties reside in Michigan and Ohio. This is a fact that should also be considered.

Third, the convenience of witnesses is often considered very important. The nature and the quality of their testimony is important to the determination of proper venue. *Brandon Apparel Group, Inc. v. Quitman Mfg. Waste Mgmt., Inc.* (N.D. Ill. 1999) 42 F. Supp. 1110, 1121. Here, the allegations in the Complaint center around the Participation Agreement and promises made by Clark and Fortress to Papatheodorou and, to a lesser extent, the Escrow Agreement and actions taken by the Bank. As such, employees of Fortress, Clark, Papatheodorou, and employees of the Bank would be the main witnesses. All witnesses that are employees of

---

[4] While there are also other factors that can be considered, none appear to be relevant here and therefore they are not addressed.

- 13 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

1    Fortress or CRM, including Clark, are located in the Grand Rapids, Michigan area.
2    (Clark Dec., ¶¶11-12.)  The Bank and its related witnesses are located in
3    Cleveland, Ohio.  (Complaint at ¶5; *see* Clark Dec., ¶9.)  All contacts between
4    Fortress and Maes, Papatheodorou' agent who helped to negotiate the Participation
5    Agreement, were in San Antonio, Texas.  (Clark Dec., ¶8.)  Only Papatheodorou is
6    located in the Northern District of California.

7         The analysis is uncomplicated.  Papatheodorou would like her case heard in
8    the Northern District of California <u>despite having agreed to mandatory venue in</u>
9    <u>Michigan</u>.  The larger number of parties and witnesses are located in Michigan and
10   Ohio.  Only the Plaintiff is located in the Northern District of California.  No third-
11   party witnesses are located in California.  It is much more difficult for numerous
12   residents of Ohio and Michigan to travel to California to defend themselves than
13   for one resident of California to travel to Michigan to prosecute her action—a
14   location where she agreed initially to litigate any disputes.  (*See* Clark Dec., ¶13,)

15        It is within the Court's discretion to transfer the case to Western District of
16   Michigan, which was a proper venue for this action at the time Papatheodorou filed
17   the case.  Therefore, the Moving Defendants respectfully request that action be
18   transferred to the Western District of Michigan based upon the Court's discretion
19   in the interest of justice and for the convenience of the parties.

20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28

- 14 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272216.2

**DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS**

## IV.

## CONCLUSION

For the reasons set forth above, the Moving Defendants respectfully request that this Court transfer the claims against them (or alternatively the entire action) to the Western District of Michigan, or dismiss the same to be refiled by Plaintiff.


Dated:  May 22, 2008                          GRESHAM SAVAGE NOLAN &
                                              TILDEN,
                                              A Professional Corporation


                                              By: _____
                                                  Jamie E. Wrage
                                                  Attorney for Defendants,
                                                  ROGER CLARK, CRM INVESTORS
                                                  CORPORATION and FORTRESS
                                                  GROUP USA, LLC

- 15 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA  92501-3335
(951) 684-2171

272216.2

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
ORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 250, Riverside, CA 92501-3335. On May 22, 2008, I served copies of the within documents described as **NOTICE OF MOTION AND MOTION BY DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC TO TRANSFER OR DISMISS FOR IMPROPER VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND 28 USC § 1406(a); OR IN THE ALTERNATIVE TO TRANSFER PURSUANT TO 28 USC § 1404(a); POINTS & AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

[X] **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. § 1011.

[ ] **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

[ ] **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e). Said document was transmitted to the facsimile number of the office of the addressee from the office of Gresham Savage Nolan & Tilden, in Riverside, California, on the date set forth above. The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine. Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

[ ] **FEDERAL** - I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2008, at Riverside, California.

SUMMER DEVORE

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA  92501-3335
(951) 684-2171

- 1 -

1

2

# SERVICE LIST

3  Frank R. Ubhaus, Esq.                    *Attorneys for Plaintiff,*
   Kara L. Erdodi, Esq.                       *Chau Papatheodorou*
4  BERLINER COHEN
   Ten Almaden Boulevard
5  Eleventh Floor
   San Jose, CA  95113-2233
6  (408) 286-5800/Telephone
   (408) 998-5388/Facsimile
7
   Roderick A. McLeod, Esq.                 *Attorneys for Defendant,*
8  JONES DAY                                  *National City Bank*
   555 California Street, 26th Floor
9  San Francisco, CA  94104
   (415) 626-3939/Telephone
10 (415) 875-5700/Facsimile

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRESHAM SAVAGE
NOLAN & TILDEN,
A Professional Corporation
3750 University Ave., Ste. 250
Riverside, CA  92501-3335
(951) 684-2171

- 3 -

272537.1                                    PROOF OF SERVICE

Jamie E. Wrage, State Bar #188982
**GRESHAM SAVAGE NOLAN & TILDEN,**
**A Professional Corporation**
3750 University Avenue, Suite 250
Riverside, CA 92501
Telephone: (951) 684-2171
Facsimile: (951) 684-2150

Attorney for Defendants,
ROGER CLARK, an individual; CRM
INVESTORS CORPORATION, a Michigan
corporation and FORTRESS GROUP USA,
LLC, a Michigan limited liability company

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAU PAPATHEODOROU, an individual; | CASE NO. C08-01905 JW |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES To The Honorable James Ware |
| vs. | Courtroom 8 |
| ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation, FORTRESS GROUP USA, LLC, a Michigan limited liability company; NATIONAL CITY BANK, an Ohio corporation, and DOES 1 through 50, inclusive, | **[PROPOSED] ORDER GRANTING DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS** |
| Defendants. | Date: September 15, 2008 Time: 9:00 am |

The Motion of Defendants Fortress Group USA, LLC, Roger L. Clark and

CRM Investors Corporation (the "Moving Defendants") to Transfer or Dismiss for

- 1 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272408.1                    [PROPOSED] ORDER

1  Improper Venue Under Federal Rule of Civil Procedure 12(b)(3) and 28 USC §
2  1406(a); or in the Alternative to Transfer Pursuant to 28 USC § 1404(a) came on
3  regularly for hearing on June 23, 2008 at 10:00 a.m. in Courtroom 8 of the above-
4  entitled Court.  Counsel for Plaintiff Chau Papatheodorou and the Moving
5  Defendants were present [as was counsel for Defendant National City Bank].
6      Having considered all of the pleadings and counsel's arguments in support
7  and in opposition to the Motion, and finding that proper notice of the hearing on
8  the Motion was given, the Court rules as follows:
9      Good cause being shown and proof made to the satisfaction of the Court that
10  the Motion should be granted, it is hereby ordered:
11      The mandatory forum-selection clause selecting Michigan as the only venue
12  for claims related to the Participation Agreement between Plaintiff and Fortress
13  Group USA, LLC, is valid and enforceable against Plaintiff.  Under its powers
14  pursuant to 28 USC § 1406(a), the Court grants the Motion and orders that all
15  claims against the Moving Defendants be transferred to the United States District
16  Court, Western District of Michigan.
17      [The mandatory forum-selection clause selecting Michigan as the only venue
18  for claims related to the Participation Agreement between Plaintiff and Fortress
19  Group USA, LLC, is valid and enforceable against Plaintiff.  Under its powers
20  pursuant to 28 USC § 1406(a), the Court grants the Motion and orders that all
21  claims against the Moving Defendants be dismissed.]
22      [The Northern District of California is not proper venue in this action under
23  28 USC § 1391(a)(2) because a substantial part of the events that are the basis of
24  the Complaint did not occur in this district.  Under its powers pursuant to 28 USC
25  § 1406(a), the Court grants the Motion and orders that the entire case be transferred
26  to the United States District Court, Western District of Michigan.]
27      [The Northern District of California is not proper venue in this action under
28  28 USC § 1391(a)(2) because a substantial part of the events that are the basis of

- 2 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272408.1                    [PROPOSED] ORDER

1  the Complaint did not occur in this district.  Under its powers pursuant to 28 USC
2  § 1406(a), the Court grants the Motion and orders that the entire case be
3  dismissed.]

4        [Transfer of the entire case is proper in the interest of justice and for the
5  convenience of the parties because, in addition to the agreed-upon mandatory
6  Michigan forum-selection clause in the Participation Agreement, the contract was
7  drafted and to be performed in Michigan, the Moving Defendants are residents of
8  Michigan, and the only in-person meeting between Plaintiff and the Moving
9  Defendants took place in Michigan.  While other defendants and witnesses are
10  located in Ohio, the only factor in favor of keeping venue in the Northern District
11  of California is the Plaintiff's choice of forum, which is outweighed by these other
12  factors.  Pursuant to 28 USC § 1404(a), the Court exercises its discretion to
13  transfer the entire case to the United States District Court, Western District of
14  Michigan for the convenience of the parties and in the interest of justice.]
15        It is SO ORDERED.

16

17  Dated: _____            _____
18                                      Honorable James Ware
19
20
21
22
23
24
25
26
27
28

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3333
(951) 684-2171

- 3 -

272408.1            [PROPOSED] ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 250, Riverside, CA 92501-3335. On May 22, 2008, I served copies of the within documents described as **[PROPOSED] ORDER GRANTING DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC'S MOTION TO TRANSFER OR DISMISS** on the interested parties in this action in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

[X] **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. § 1011.

[ ] **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

[ ] **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e). Said document was transmitted to the facsimile number of the office of the addressee from the office of Gresham Savage Nolan & Tilden, in Riverside, California, on the date set forth above. The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine. Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

[ ] **FEDERAL** - I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 22, 2008, at Riverside, California.

*Summer DeVore*
SUMMER DEVORE

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

272538.1

- 1 -

PROOF OF SERVICE

1

## SERVICE LIST

2

3  Frank R. Ubhaus, Esq.                    ***Attorneys for Plaintiff,***
   Kara L. Erdodi, Esq.                        ***Chau Papatheodorou***
4  BERLINER COHEN
   Ten Almaden Boulevard
5  Eleventh Floor
   San Jose, CA  95113-2233
6  (408) 286-5800/Telephone
   (408) 998-5388/Facsimile
7

8  Roderick A. McLeod, Esq.                 ***Attorneys for Defendant,***
   JONES DAY                                   ***National City Bank***
   555 California Street, 26th Floor
9  San Francisco, CA  94104
   (415) 626-3939/Telephone
10 (415) 875-5700/Facsimile

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA  92501-3335
(951) 684-2171

- 2 -

272538.1                                    PROOF OF SERVICE