FRANK R. UBHAUS, CA STATE BAR NO. 46085
KARA L. ERDODI, CA STATE BAR NO. 221093
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
frank.ubhaus@berliner.com
kara.erdodi@berliner.com

ATTORNEYS FOR PLAINTIFF
CHAU PAPATHEODOROU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAU PAPATHEODOROU, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation; FORTRESS GROUP USA, LLC, a Michigan limited liability company; NATIONAL CITY BANK, an Ohio corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. C 08-01905 JW <br><br> ASSIGNED FOR ALL PURPOSES to the Honorable James Ware <br><br> Courtroom 8 <br><br> **PLAINTIFF'S STATEMENT OF NON-OPPOSITION TO DEFENDANT NATIONAL CITY BANK'S MOTION TO TRANSFER TO NORTHERN DISTRICT OF OHIO; OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE; AND OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)** <br><br> Date: September 15, 2008 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 8 <br> Judge: Hon. James Ware |

\KERDODI\770391.1
082108-17100001

CASE NO. C 08-01905 JW

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

# TABLE OF CONTENTS

Page

STATEMENT OF NON-OPPOSITION TO MOTION TO TRANSFER VENUE ...................... 1

OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE .................................. 1

I.   INTRODUCTION. ............................................................................................................ 1

II.  FACTUAL BACKGROUND. .......................................................................................... 1

III. ARGUMENT. ................................................................................................................... 2

    A.   PAPATHEODOROU'S DECISION TO FILE THIS ACTION IN FEDERAL COURT AND VENUE IT IN THE NORTHERN DISTRICT OF CALIFORNIA WAS REASONABLE. ........................................................... 2

    B.   TRANSFERING RATHER THAN DISMISSING THIS CASE WOULD NOT RESULT IN INJUSTICE TO ANY PARTY, AND WOULD SERVE THE INTERESTS OF JUDICIAL ECONOMY. ....................................... 3

IV.  CONCLUSION. ................................................................................................................ 4

OPPOSITION TO DEFENDANT NATIONAL CITY BANK'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) ................................................................................................ 4

I.   INTRODUCTION. ............................................................................................................ 4

II.  FACTUAL BACKGROUND. .......................................................................................... 4

III. ARGUMENT. ................................................................................................................... 4

    A.   NATIONAL CITY'S RULE 12(B)(6) MOTION TO DISMISS SHOULD NOT BE HEARD UNTIL THE QUESTION OF VENUE HAS BEEN DECIDED. .................................................................................................... 4

IV.  CONCLUSION ................................................................................................................. 5

CASE NO. C 08-01905 JW

-i-

\KERDODI\770391.1
082108-17100001

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

# TABLE OF AUTHORITIES

Page

**Cases**

*Arrowsmith v. United Press International*
   (2nd Cir. 1963) 320 F.2d 219 ................................................................................................. 4

*Bates v. C&S Adjusters, Inc.*
   (2nd Cir. 1992) 980 F.2d 865 ................................................................................................. 2

*First of Mich. Corp. v. Bramlet*
   (6th Cir. 1998) 141 F.3d 260 ................................................................................................. 2

*Goldlawr, Inc. v. Heiman*
   (1962) 369 U.S. 463 .............................................................................................................. 3

*Gulf Ins. Co. v. Glasbrenner*
   (2nd Cir. 2005) 417 F.3d 353 ................................................................................................. 2

*Jenkins Brick Co. v. Bremer*
   (11th Cir. 2003) 321 F.3d 1366 ............................................................................................. 2

*Mandara v. Hall*
   (11th Cir. 1990) 916 F.2d 1510 ............................................................................................. 4

*Minnette v. Time Warner*
   (2nd Cir. 1993) 997 F.2d 1023 ........................................................................................... 2, 3

*TruServ Corp. v. Neff*
   (ND Ill. 1998) 6 F.Supp.2d 790 ............................................................................................. 2

**Statutes**

28 U.S.C. §1391(a)(2) ................................................................................................................. 2

CASE NO. C 08-01905 JW     -ii-

\KERDODI\770391.1
082108-17100001

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

### *STATEMENT OF NON-OPPOSITION TO MOTION TO TRANSFER VENUE*

Based on a careful review of the pleadings in this matter and the motions submitted by the defendants in this case, Plaintiff Chau Papatheodorou ("Papatheodorou") submits this Statement of Non-Opposition to Defendant National City Bank's ("National City") Motion to Transfer Venue to the Northern District of Ohio. Papatheodorou stipulates that the Northern District of Ohio is the proper venue for all defendants in this case, for the reasons set forth in Plaintiff's Opposition to Defendants Roger Clark, CRM Investors Corporation, and Fortress Group USA, LLC's Motion to Transfer Venue, filed concurrently herewith.

### *OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE*

### I. **INTRODUCTION.**

Papatheodorou submits this Opposition to National City's Motion to Dismiss her Complaint for Improper Venue. Papatheodorou's choice to file this action in the Northern District of California was reasonable. As discussed herein, transfer would be appropriate, would not result in injustice to any party, and would serve the interests of judicial economy.

### II. **FACTUAL BACKGROUND.**

This case arises out of the defendants' breach of two written contracts: the Participation Agreement, into which Clark induced Papatheodorou to enter for purposes of investing in the Treasury Bills program, and the Escrow Agreement, into which Clark and National City entered for purposes of establishing an escrow account through which Treasury Bills program investment monies flowed, and to which Papatheodorou is a third-party beneficiary. Clark introduced Papatheodorou to the T-Bills Program, made representations to her about the manner in which it operated and the returns she could expect to receive on her investment. National City acted as the escrow agent for the account into which Papatheodorou transferred her $1 million investment and into which Clark deposited T-Bills and their cash equivalent, and through which investment returns were disbursed to Papatheodorou for the first two months of the program.

The Participation Agreement contains a forum selection clause naming Michigan as the venue for any disputes arising out of it. The Escrow Agreement also contains a forum selection clause, but it names Ohio as the venue for any dispute arising out of it. National City is located

\KERDODI\770391.1
082108-17100001

CASE NO. C 08-01905 JW

-1-

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

in Cleveland, Ohio, and the Clark Defendants are all located in Grand Rapids, Michigan. Papatheodorou is a resident of Palo Alto, California.

### III. ARGUMENT.

Transfer is an appropriate alternative to dismissal for improper venue. The courts have discretion in deciding whether to transfer a case where venue is improper or dismiss it outright. 28 U.S.C. 1406(a) was enacted to provide an alternative to dismissal. Transfer avoids any statute of limitations problems and the necessity of filing and serving a new action. *Minnette v. Time Warner* (2nd Cir. 1993) 997 F.2d 1023, 1026-1027.

> A. PAPATHEODOROU'S DECISION TO FILE THIS ACTION IN FEDERAL COURT AND VENUE IT IN THE NORTHERN DISTRICT OF CALIFORNIA WAS REASONABLE.

Where federal subject matter jurisdiction is based solely on diversity of citizenship, venue is proper in a district in which a "substantial part of the events or omissions" on which the claim is based occurred, or where is located a "substantial part of the property" that is the subject of the action. 28 U.S.C. §1391(a)(2). Only those events or omissions which have a nexus to the wrong are relevant. *Jenkins Brick Co. v. Bremer* (11th Cir. 2003) 321 F.3d 1366, 1372 (court looked to the place the contract was negotiated and executed, and place of performance and breach). The events or omissions relating to the claim may take place in several districts. *Bates v. C&S Adjusters, Inc.* (2nd Cir. 1992) 980 F.2d 865, 867. There is no requirement that a majority of the events or omissions take place in the district where suit is filed; nor that the events there predominate. It is sufficient that a "substantial part" occur there. *Jenkins Brick Co. v. Bremer, supra*, 321 F.3d at 1371; *Gulf Ins. Co. v. Glasbrenner* (2nd Cir. 2005) 417 F.3d 353, 356. A plaintiff may choose either of several districts having relatively equal connections with the dispute. *First of Mich. Corp. v. Bramlet* (6th Cir. 1998) 141 F.3d 260, 264; *TruServ Corp. v. Neff* (ND Ill. 1998) 6 F.Supp.2d 790, 792.

In this case, Clark made fraudulent misrepresentations to Papatheodorou in California, Clark presented the Participation Agreement to Papatheodorou in California, Papatheodorou executed the Participation Agreement in California, Papatheodorou discovered Clark's and National City's breaches of the written agreements in California, Clark made further

CASE NO. C 08-01905 JW

\KERDODI\770391.1
082108-17100001

-2-

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

misrepresentations to Papatheodorou in California, and Papatheodorou acted in California to terminate the Participation Agreement with Clark and request that National City liquidate the escrow account in which her investment funds were held and return them to her. A substantial part of the events upon which Papatheodorou's claims are based took place in California. Accordingly, Papatheodorou's choice of California as the venue for her claim was reasonable, and the claim should be transferred to Ohio rather than dismissed for improper venue.

### B. TRANSFERING RATHER THAN DISMISSING THIS CASE WOULD NOT RESULT IN INJUSTICE TO ANY PARTY, AND WOULD SERVE THE INTERESTS OF JUDICIAL ECONOMY.

Transfer of an action is an appropriate alternative to outright dismissal for improper venue. Normally, if there is another district or division in which the action could have been brought, transfer is *preferred* to the harsh remedy of dismissal. *Minnette v. Time Warner* (2nd Cir. 1993) 997 F.2d 1023, 1026-1027.

> The language of 28 U.S.C. 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue… The statute is thus in accord with the general purpose of…removing whatever obstacles impede an expeditious and orderly adjudication of cases and controversies on their merits… If by reason of the uncertainties of a proper venue a mistake is made, Congress, by the enactment of 1406(a), recognized that the "interest of justice" may require that the complaint not be dismissed but rather that it be transferred…

*Goldlawr, Inc. v. Heiman* (1962) 369 U.S. 463, 467.

Here, for the reasons set forth in Plaintiff's Opposition to the Clark Defendants' Motion to Transfer or Dismiss, as well as those National City set forth in its Motion to Transfer, this action could have been filed in Ohio and so transferring this case to that venue is appropriate. Further, transferring this matter would permit the case to go forward without the necessity of dismissing the current claim and filing another complaint in the Northern District and again effectuating service of process on all defendants. Transfer, rather than dismissal, serves the interests of judicial economy. Finally, transferring this matter will also avoid the imposition of injustice upon any of the parties.

///

///

CASE NO. C 08-01905 JW

\KERDODI\770391.1
082108-17100001

-3-

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

## IV. CONCLUSION.

For all the reasons contained herein, Papatheodorou respectfully requests that this court transfer the instant case to the Northern District of Ohio rather than dismissing the case for improper venue.

*OPPOSITION TO DEFENDANT NATIONAL CITY BANK'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)*

## I. INTRODUCTION.

Papatheodorou submits this Opposition to National City's motion to dismiss her Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. National City's motion is premature in that it is improper for a court to make any substantive determinations about a matter when there is a question of venue pending.

## II. FACTUAL BACKGROUND.

Papatheodorou respectfully refers the Court to the factual background previously set forth in these papers.

## III. ARGUMENT.

### A. NATIONAL CITY'S RULE 12(B)(6) MOTION TO DISMISS SHOULD NOT BE HEARD UNTIL THE QUESTION OF VENUE HAS BEEN DECIDED.

As a court that lacks jurisdiction or venue should not decide substantive questions, a court should not hear a motion to dismiss for failure to state a cause of action while a venue challenge is pending. *Mandara v. Hall* (11th Cir. 1990) 916 F.2d 1510, 1514, fn. 1; *Arrowsmith v. United Press International* (2nd Cir. 1963) 320 F.2d 219, 221. National City has asserted that venue in the Northern District of California is not proper, and until the court makes a determination on the issue of venue, it should not decide any substantive questions about this case. If the court does not transfer this case to the Northern District of Ohio, or any other venue, it can then hold a hearing on National City's Rule 12(b)(6) motion. However, if the court does transfer the case, then court of the transferee district should decide whether Papatheodorou's complaint states a claim against National City sufficient to survive the motion to dismiss. Accordingly, Papatheodorou respectfully requests that this court decline to hear or rule on the

\KERDODI\770391.1
082108-17100001

CASE NO. C 08-01905 JW                                                     -4-

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

portion of National City's motion which seeks to dismiss Papatheodorou's claims under FRCP 12(b)(6).

## IV. CONCLUSION

For all the reasons contained herein, Papatheodorou respectfully requests that this court reserve any ruling on National City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) while a question of venue is pending, and should this Court transfer this case to another venue, permit the transferee district court to make any substantive decisions or decisions on the merits of the case.

Dated: August 22, 2008                    **BERLINER COHEN**

By:_____/s/_____
    Frank Ubhaus
    Kara L. Erdodi
    Attorneys for Plaintiff
    Chau Papatheodorou

\KERDODI\770391.1
082108-17100001

CASE NO. C 08-01905 JW                    -5-

STATEMENT OF NON-OPPOSITION TO NATIONAL CITY BANK'S MOTION TO TRANSFER VENUE; OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)