Roderick A. McLeod (State Bar No. 104694)
rmcleod@jonesday.com
Peter E. Davids (State Bar No. 229339)
pdavids@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
NATIONAL CITY BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAU PAPATHEODOROU, an individual,<br><br>         Plaintiff,<br><br>    v.<br><br>ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation; FORTRESS GROUP USA, LLC, a Michigan limited liability company; NATIONAL CITY BANK, an Ohio corporation, and DOES 1 through 50, inclusive,<br><br>         Defendants. | Case No. C 08-01905 JW<br><br>DEFENDANT NATIONAL CITY BANK'S OPPOSITION TO DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION, AND FORTRESS GROUP USA, LLC'S MOTION TO DISMISS OR TRANSFER<br><br>Date:    September 15, 2008<br>Time:   9:00 a.m.<br>Dept.:   Courtroom 8<br>Judge:  Hon. James Ware |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS .............................................................................................. 1

III. ARGUMENT ................................................................................................................... 3

    A. The Forum Selection Clause That Clark Relies on Should Not Control ................ 3

        1. The Forum Selection Clause in Favor of Michigan Covers Only Claims Against Clark; Transferring Some but Not All Claims Would Be Highly Inefficient ............................................................................. 3

        2. The Forum Selection Clause in Favor of the Northern District of Ohio Governs All the Claims at Issue ........................................................... 5

        3. Clark Should Be Estopped From Trying to Transfer Venue to Michigan .................................................................................. 7

    B. Clark's Improper Venue Argument Does Not Advance His Request for Transfer ............................................................................................................ 8

    C. Clark Fails to Show that Transfer to Michigan Would Be Convenient or in the Interests of Justice ...................................................................................... 9

IV. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adelson v. World Transp., Inc.*,
631 F. Supp. 504 (S.D. Fla. 1986) .................................................................................. 5, 6

*Argueta v. Banco Mexicano*,
87 F.3d 320 (9th Cir. 1996) ................................................................................................ 3

*Colo. River Water Conservation Dist. v. U. S.*,
424 U.S. 800 (1976) ........................................................................................................... 4

*Commodity Futures Trading Comm'n v. Savage*,
611 F.2d 270 (9th Cir. 1979) .............................................................................................. 9

*Comptroller of Currency v. Calhoun First Nat'l Bank*,
626 F. Supp. 137 (D.D.C. 1985) ........................................................................................ 4

*Dena' Nena' Henash, Inc. v. Oracle Corp.*,
No. C 07-633 CW, 2007 WL 1455905 (N.D. Cal. May 16, 2007) .................................... 5

*Flores v. Zale Del., Inc.*,
No. C 07-0539 TEH, 2007 WL 4462992 (N.D. Cal. Dec. 17, 2007) ................................. 9

*Goffe v. Blake*,
605 F. Supp. 1151 (D. Del. 1985) ...................................................................................... 9

*Hatch v. Reliance Ins. Co.*,
758 F.2d 409 (9th Cir. 1985) .............................................................................................. 9

*Joe Boxer Corp. v. R. Siskind & Co.*,
No. C 98-4899 SI, 1999 WL 429549 (N.D. Cal. June 28, 1999) ....................................... 4

*Liaw Su Teng v. Skaarup Shipping Corp.*,
743 F.2d 1140 (5th Cir. 1984) ............................................................................................ 4

*Liberty USA Corp. v. Buyer's Choice Ins. Agency LLC*,
386 F. Supp. 2d 421 (S.D.N.Y. 2005) ................................................................................ 7

*Strong v. County of Santa Cruz*,
15 Cal. 3d 720 (1975) ......................................................................................................... 7

*TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*,
915 F.2d 1351 (9th Cir. 1990) ........................................................................................ 6, 7

*The Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) ................................................................................................................ 3

*Wireless Commc'ns Alliance v. T-Mobile USA, Inc.*,
No. C 03-3711 MHP, 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) .......................... 4, 10

**STATUTES**

28 U.S.C. § 1391(a)(2) ............................................................................................................. 8

28 U.S.C. § 1391(a)(3) ............................................................................................................. 8

28 U.S.C. § 1404(a) ............................................................................................................ 9, 10

28 U.S.C. § 1406(a) .............................................................................................................. 8, 9

- ii -

Defendant National City Bank's Opposition to
Motion to Dismiss or Transfer C08 01905 JW

## I. INTRODUCTION

This case involves two competing motions to transfer venue. Defendants Roger Clark, CRM Investors Corporation, and Fortress Group USA, LLC (collectively referred to as "Clark") seek transfer of Plaintiff's claims against them to the Western District of Michigan, based primarily on a forum selection clause that governs some of the claims at issue and binds only Clark and Plaintiff.[1] Defendant National City Bank has moved for a transfer of the entire action to the Northern District of Ohio, based primarily on a forum selection clause that governs all claims and binds all parties.[2] Under the two agreements at issue—the "Escrow Agreement" and the "Participation Agreement"—Plaintiff agreed to litigate her claims in Ohio and Michigan; Clark agreed to litigate the claims in Ohio and Michigan; and National City Bank agreed to litigate claims in Ohio. Thus, all parties agreed to litigate in Ohio.

Because Clark agreed to litigate claims in the Northern District of Ohio and because it would be highly inefficient to try this case in two districts, Clark's motion to transfer this case to the Western District of Michigan should be denied. Clark's additional arguments regarding the propriety and convenience of venue in Michigan are unavailing, because the Northern District of Ohio is the focal point of the events at issue in this action. *Indeed, Plaintiff agrees with National City Bank that the Court should transfer this action to the Northern District of Ohio.*[3]

## II.    STATEMENT OF FACTS

National City Bank has set forth an extended statement of facts in its Motion to Dismiss or Transfer, which includes key facts omitted from Clark's motion. *See* National City Bank Mot. at

---

[1] *See* Mot. by Defs. Roger Clark, CRM Investors Corp., and Fortress Group USA, LLC to Transfer or Dismiss for Improper Venue Under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a); or in the Alternative to Transfer Pursuant to 28 U.S.C. § 1404(a) (Docket # 12) ("Clark Mot.").

[2] *See* Mot. by Def. National City Bank to Transfer or Dismiss for Improper Venue; and to Dismiss Pursuant to FRCP 12(b)(6) (Docket # 20) ("National City Bank Mot.").

[3] *See* Pl.'s Statement of Non-Opposition to Def. National City Bank's Mot. to Transfer to Northern District of Ohio; Opp'n to Mot. to Dismiss for Improper Venue; and Opp'n to Mot. to Dismiss Pursuant to FRCP 12(b)(6) (Docket # 32) ("Pl.'s Non-Opposition to National City Bank Mot.") at 1, 3-4; Plaintiff's Opp'n to Defendants Clark, CRM Investors Corporation and Fortress Group USA, LLC to Transfer or Dismiss for Improper Venue (Docket # 31) ("Pl.'s Opp'n to Clark Mot.") at 1, 5-6.

3-7. Rather than repeating the statement here, National City Bank incorporates it by reference and summarizes a few pertinent facts below.

On August 16, 2007, Clark and Plaintiff entered into a "Participation Agreement" that contained a forum selection clause that specified the State of Michigan as legal venue for any action related to the Participation Agreement. Compl., Ex. A at ¶ 7. Clark and National City Bank shortly thereafter executed an "Escrow Agreement" that contained a forum selection clause in favor of the Northern District of Ohio. Declaration of Dawn DeWerth (Docket # 21) ("DeWerth Decl."), Ex. 2.[4] In the Escrow Agreement, Clark agreed that "any suit, action or proceeding with respect to this Agreement shall be brought within Cuyahoga County, Ohio and [the parties] waive any question of personal jurisdiction or venue for the purpose of carrying out this provision." Compl., Ex. B at ¶ 12; DeWerth Decl., Ex. 2 at ¶ 12.

The Escrow Agreement that Clark sent to National City Bank, and which it executed, attached and incorporated signed versions of the "Participation Agreement" and "Irrevocable Instructions to Release Escrow Funds." *Id.* These two exhibits are *not the same as* the ones attached to the Complaint. *Compare* Compl. Ex. B, at Exs. A-B *with* DeWerth Decl., Ex. 2, at Exs. A-B. Most notably, the two versions of the Participation Agreement and the Irrevocable Instructions contain materially different provisions regarding the circumstances under which National City Bank could release funds from the account. *Id.* Particularly apropos to the instant motion, the Escrow Agreement attached to Plaintiff's Complaint and the one National City Bank executed both contain forum selection clauses in favor of the Northern District of Ohio. Compl. Ex. B, ¶ 12; DeWerth Decl., Ex. 2, ¶ 12.

Plaintiff alleges that she is a third-party beneficiary of the Escrow Agreement between Clark and National City Bank. Compl. ¶¶ 45, 52, 72. That contract, as well as both versions of the Participation Agreement between Clark and Plaintiff, provide that Plaintiff would deposit funds in a National City Bank account (in Cleveland, Ohio), and that National City Bank (in Cleveland, Ohio) would administer the funds at issue. Compl., Exs. A-B; DeWerth Decl., Ex. 2.

---

[4] National City Bank incorporates by reference the declarations of Dawn DeWerth (Docket #21) and Joseph C. Penko (Docket #22) submitted in support of National City Bank's Motion to Transfer or Dismiss for Improper Venue.

1  In his motion, Clark concedes that a substantial portion of the events that gave rise to Plaintiff's
2  claims took place in the Northern District of Ohio.  Clark Mot. at 11.
3       All National City Bank witnesses who were involved in administering the account reside
4  in Cleveland, and all National City Bank records are stored there.  DeWerth Decl., ¶¶ 22-23;
5  Declaration of Joseph C. Penko (Docket #22) ("Penko Decl."), ¶ 4.  Clark does not identify any
6  employees of Defendant CRM Investors Corporation or Defendant Fortress Group USA, LLC, or
7  any other witness who resides in Michigan, other than Roger Clark himself.  *See* Declaration of
8  Roger Clark (Docket # 13) ("Clark Decl."), ¶ 11.

### III.  ARGUMENT

**A.  The Forum Selection Clause That Clark Relies on Should Not Control.**

Clark argues the Court should enforce the forum selection clause in the Participation Agreement between Clark and Plaintiff and transfer only the causes of action against Clark to the Western District of Michigan.  Clark Mot. at 1, 10.  Clark explicitly does not contend that Plaintiff's claims against National City Bank should also be transferred, because claims relating to the Escrow Agreement are governed by a forum selection clause in favor of the Northern District of Ohio.  *Id.* at 10.  Clark's argument should be rejected for at least three reasons.  First, transferring some but not all claims would result in litigation of virtually the same issues in different districts, which would be inefficient for the federal courts as well as for the parties and witnesses.  The factual overlay would be identical.  Second, the forum selection clause in the Escrow Agreement, unlike the one in the Participation Agreement, is integral to all the causes of action.  Third, Clark's actions estop him from seeking transfer to Michigan.

     **1.**  *The Forum Selection Clause in Favor of Michigan Covers Only Claims Against Clark; Transferring Some but Not All Claims Would Be Highly Inefficient.*

A valid forum selection clause must be enforced absent a strong showing that it is "'unreasonable' under the circumstances."  *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  One ground for finding a forum selection clause unreasonable is if enforcement of the clause "would contravene a strong public policy of the forum in which the suit is brought." *Argueta v. Banco Mexicano*, 87 F.3d 320, 325 (9th Cir. 1996).

1    It is a strong public policy of the federal courts to prevent the waste of judicial resources
2 and the possibility of inconsistent rulings. *See*, *e.g.*, *Colo. River Water Conservation Dist. v.*
3 *United States*, 424 U.S. 800, 818 (1976) (abstention appropriate where doing so would serve the
4 interests of "wise judicial administration, giving regard to the conservation of judicial resources
5 and comprehensive disposition of litigation"); *Wireless Commc'ns Alliance v. T-Mobile USA,*
6 *Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003) (granting transfer
7 where it would save judicial resources and minimize the risk of conflicting rulings); *Joe Boxer*
8 *Corp. v. R. Siskind & Co.,* No. C 98-4899 SI, 1999 WL 429549, at *9 (N.D. Cal. June 28, 1999)
9 ("It would be a waste of judicial resources to maintain two separate actions in different districts
10 between the same parties involving the same underlying disputes."); *Comptroller of Currency v.*
11 *Calhoun First Nat'l Bank,* 626 F. Supp. 137, 141 (D.D.C. 1985) (multiple pending cases with the
12 same factual underpinnings supported transfer where judicial resources could be conserved by
13 coordinating pretrial discovery and litigation within a geographical area would save time and
14 energy for the parties and witnesses).

15    By seeking to have some but not all of the causes of action in the Complaint transferred to
16 Michigan, Clark makes a *de facto* motion to sever. Severance is inappropriate, and should be
17 avoided "if there [is] any alternative," if it would result in the same issues being litigated in
18 different fora. *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984).
19 That is exactly what would happen here. Every cause of action in the Complaint relates to the
20 negotiation and performance of the same two agreements—the Participation Agreement and the
21 Escrow Agreement. *See generally* Compl. & Exs. A-B. The causes of action against Clark and
22 those against National City Bank will all involve interpretation of both agreements and their
23 exhibits. *Id.* Ex. B. Litigation of Plaintiff's fraud-based causes of action will almost certainly
24 involve Clark's representations to National City Bank in connection with the Escrow Agreement,
25 as well as Clark's provision of different versions of its exhibits to Plaintiff and National City
26 Bank. *See* Compl. ¶¶ 84-118; DeWerth Decl. ¶ 13. As the causes of action against Clark and
27 those against National City Bank arise out of the same operative facts, the claims will involve the
28

1  same discovery, witnesses, and disputed legal issues.  Litigating the action in separate districts

2  would squander judicial resources and could result in inconsistent judgments.

3        Under these circumstances, enforcing the forum selection clause in the Participation

4  Agreement would be unreasonable.  Severance should be avoided, especially where transferring

5  the entire action to the Northern District of Ohio would enforce the mandatory forum selection

6  clause that Clark agreed to and that is binding on Plaintiff as a third-party beneficiary.  *See*

7  National City Bank Mot. at 7-8.  Moreover, Plaintiff agrees that the Northern District of Ohio is

8  the proper forum for this action.  *See* Pl.'s Non-Opposition to National City Bank Mot. at 1, 3-4;

9  Pl.'s Opp'n to Clark Mot. at 1, 5-6.

      **2.**    ***The Forum Selection Clause in Favor of the Northern District of Ohio Governs All the Claims at Issue.***

12        In cases involving competing forum selection clauses, it is appropriate to follow the forum

13  selection clause of the agreement that is integral to all causes of action and that connects all the

14  parties to the action.  *See Dena' Nena' Henash, Inc. v. Oracle Corp.*, No. C 07-633 CW,

15  2007 WL 1455905, at *7 (N.D. Cal. May 16, 2007) (discussing the transfer of an action pursuant

16  to a forum selection clause in a license agreement rather than pursuant to a competing forum

17  selection clause because the plaintiff "incorporated into each successive cause of action several

18  allegations that constitute breaches of the License Agreement or require resort to the License

19  Agreement"); *Adelson v. World Transp., Inc.*, 631 F. Supp. 504, 508 (S.D. Fla. 1986) (where

20  competing forum selection clauses are at issue, court enforces the clause in the one contract that

21  "logically connects all the defendants to the plaintiffs[] in this action").

22        *Adelson* is instructive.  There, the plaintiffs were investors who brought an action in the

23  Southern District of Florida claiming the defendants had defrauded them in a tax shelter securities

24  offering.  631 F. Supp. at 506.  The purchase agreement contained a forum selection clause in

25  favor of the Southern District of New York.  *Id.*  The plaintiffs sought to avoid transfer by

26  pointing to conflicting forum selection clauses in agreements relating to management and

27  operation.  *Id.* at 508.  The court held that, because plaintiffs alleged the manager and operator

28  had conspired to defraud them in the *purchase* of securities, not that the manager or operator had

been negligent, the forum selection clause in the purchase agreement "logically connects all the defendants to the plaintiffs" and should control. *Id.*

Like *Adelson,* this case involves competing forum selection clauses. The Participation Agreement between Clark and Plaintiff contains a clause providing that "[t]he State of Michigan shall be the legal venue with respect to this Participation Agreement and any action in relation thereto." Compl., Ex. A. The Escrow Agreement between Clark and National City Bank, and under which Plaintiff claims to be a third-party beneficiary, provides that "[t]he parties agree that any suit, action or proceeding with respect to this Agreement shall be brought within Cuyahoga County, Ohio and do waive any question of personal jurisdiction or venue for the purpose of carrying out this provision." Compl., Ex. B at ¶ 12.

Unlike in *Adelson*, Plaintiff brings claims relating to the Escrow Agreement and the Participation Agreement. The only forum selection clause that is integral to all causes of action, however, is the one in the Escrow Agreement. The Escrow Agreement forms the basis of all Plaintiff's claims against National City Bank (*see* Compl. ¶¶ 48, 55, 61, 68, 75, 79), and is central to all claims against Clark. Even those causes of action against Clark that specifically arise out of the Participation Agreement require interpretation of the Escrow Agreement as the vehicle for implementing the terms of the Participation Agreement. *See id.* ¶¶ 49, 56, 62, 69, 76, Ex. A, at ¶ 3. The gravamen of Plaintiff's fraud allegations is that Clark misrepresented the safety of the investment program by assuring her that her investment would remain *in escrow* until an equivalent value of T-Bills were deposited into the account. *See* Compl. ¶¶ 14-17.

The Escrow Agreement's forum selection clause also connects all parties to this action. Whether one analyzes the issue using the version of the agreement attached to the Complaint or the version National City Bank received from Clark, the result is the same: all parties agreed to litigate in Ohio. Clark and National City Bank explicitly agreed that any dispute with respect to the Escrow Agreement would be brought in Ohio. Compl., Ex. B; DeWerth Decl., Ex. 2. Although Plaintiff is not a signatory to the Escrow Agreement, she alleges that she is a third-party beneficiary of the Escrow Agreement. Compl. ¶¶ 45, 52, 72. Because Plaintiff seeks the benefits of the contract, she is also bound by its limitations. *See*, *e.g.*, *TAAG Linhas Aereas de Angola v.*

1  *Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990) (forum selection clauses can
2  bind third-party beneficiaries; "it is well-settled contract law that the scope of a third-party
3  beneficiary's rights is defined by the contract"). Moreover, it is determinative that Plaintiff's
4  version of the Escrow Agreement contains the identical Ohio forum selection clause as the one
5  appearing in the Escrow Agreement given to National City Bank, and Plaintiff apparently
6  acceded to it.

7  In sum, the forum selection clause in the Escrow Agreement is central to all of the claims
8  at issue. The scope of the competing clause in the Participation Agreement, by contrast, is
9  inherently limited and, at any rate, was superseded by the forum selection clause in the Escrow
10 Agreement through incorporation into that agreement. *See* Compl., Ex. B, ¶¶ A, 1 (incorporating
11 exhibits, including Participation Agreement); *Liberty USA Corp. v. Buyer's Choice Ins. Agency*
12 *LLC*, 386 F. Supp. 2d 421, 426 (S.D.N.Y. 2005) (promissory note's forum selection clause was
13 superseded by conflicting forum selection clause in asset purchase agreement when the note was
14 incorporated into the agreement). In these circumstances, the forum selection clause in the
15 Escrow Agreement logically controls.

16 **3.    *Clark Should Be Estopped From Trying to Transfer Venue to Michigan.***

17 The doctrine of equitable estoppel poses yet another bar to enforcement of the forum
18 selection clause in the Participation Agreement.

> The doctrine of equitable estoppel is founded on concepts of equity
> and fair dealing. It provides that a person may not deny the
> existence of a state of facts if he intentionally led another to believe
> a particular circumstance to be true and to rely upon such belief to
> his detriment. The elements of the doctrine are that (1) the party to
> be estopped must be apprised of the facts; (2) he must intend that
> his conduct shall be acted upon, or must so act that the party
> asserting the estoppel has a right to believe it was so intended; (3)
> the other party must be ignorant of the true state of facts; and (4) he
> must rely upon the conduct to his injury.

25 *Strong v. County of Santa Cruz*, 15 Cal. 3d 720, 725 (1975).

26 The Escrow Agreement includes not only a mandatory forum selection clause but also an
27 indemnity clause. DeWerth Decl., Ex. 2, ¶¶ 7(b), 12. Clark agreed that "any suit, action or
28 proceeding with respect to this Agreement shall be brought within Cuyahoga County, Ohio" and

also agreed "to defend, indemnify and hold harmless [National City Bank] from, against and in respect to . . . any and all actions, suits, proceedings, claims, demands, assessments, judgments, costs and expenses (including the reasonable fees and expenses of legal counsel) related to any of the foregoing . . . ." *Id.*

By means of these two clauses, Clark conveyed to National City Bank that any and all suits would be litigated in Ohio, and that Clark would defend National City Bank's contractual right to litigate any and all suits in Ohio. Clark cannot now nullify his contractual commitments by seeking transfer to Michigan. Because National City Bank relied on the conduct and dealings of Clark, it now faces the prospect of litigating in Michigan. In these circumstances, Clark should be estopped from seeking transfer to Michigan.

**B.     Clark's Improper Venue Argument Does Not Advance His Request for Transfer.**

National City Bank agrees with Clark that venue is improper in this district because a substantial part of the events giving rise to Plaintiff's claims did not arise here. *See* Clark Mot. at 10-11; National City Bank Mot. at 11-14. The remainder of Clark's venue analysis is flawed, however, and does not support transfer to the Western District of Michigan.

Clark asserts that because venue in this district is improper under 28 U.S.C. § 1391(a)(2), subsection (a)(3) applies to provide venue in "'a jurisdiction in which any defendant is subject to personal jurisdiction at the time the action is commenced.' One such district is the Western District of Michigan." Clark Mot. at 11. Clark's quotation of § 1391(a)(3) omits the final clause, however, which permits transfer only "if there is no district in which the action may otherwise be brought." Because, as Clark concedes, a substantial portion of the events giving rise to Plaintiff's claims took place in the Northern District of Ohio," Clark Mot. at 11, venue is proper there under 28 U.S.C. § 1391(a)(2). By definition, this excludes venue in the Western District of Michigan under § 1391(a)(3).

Even if venue were proper in the Western District of Michigan under subsection (a)(3)— or, more plausibly, under subsection(a)(2) as a venue where a substantial part of the underlying events occurred—transfer to that district would not be in the "interest of justice." 28 U.S.C. § 1406(a). The majority of the witnesses and records are located in the Northern District of Ohio,

not the Western District of Michigan. *Compare* DeWerth Decl. ¶¶ 22-23 and Penko Decl. ¶ 4 (identifying with particularity records and witnesses located in the Cleveland, Ohio area) *with* Clark Decl. ¶¶ 1, 11, 13 (identifying only himself and making cryptic references to "[a]ny witnesses" who are employees of Fortress or CRM being located in the Grand Rapids, Michigan area). In addition, Ohio law governs the interpretation of the Escrow Agreement. *See* Compl., Ex. B at ¶ 10. These circumstances make transfer to the Northern District of Ohio more appropriate than to the Western District of Michigan. *See Goffe v. Blake*, 605 F. Supp. 1151, 1160 (D. Del. 1985) (selecting one of two possible transferee fora under § 1406(a) based on location of witnesses and documents and familiarity with the governing law).

**C.    Clark Fails to Show that Transfer to Michigan Would Be Convenient or in the Interests of Justice.**

If an action is brought in the correct district or division, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, to transfer an action to another proper district under section 1404(a), the Court must find that a transfer would be convenient and in the interest of justice. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). The moving party has the burden of showing that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). To show inconvenience to witnesses, the moving party must identify the witnesses and their location, and describe their testimony. *See*, *e.g.*, *Flores v. Zale Del., Inc.*, No. C 07-0539 TEH, 2007 WL 4462992 (N.D. Cal. Dec. 17, 2007), at *3.

Clark has not met his burden. Clark makes three points in support of his request for transfer to the Western District of Michigan, none of which withstand scrutiny. Clark Mot. at 12-13. First, Clark contends that the forum selection clause in the Participation Agreement supports discretionary transfer. *Id.* at 12. As discussed above, this forum selection clause does not control all of the causes of action and severance would be wasteful for the courts and the parties. Second, Clark notes that three named parties reside in Michigan. *Id.* Although the three Clark defendants do reside in Michigan (Clark Decl. ¶¶ 2, 3, 12), two are corporate defendants with no identified

1  officers other than Clark himself (*id.* ¶ 1).  Finally, Clark asserts that "[a]ll witnesses" who are
2  employees of Fortress or CRM reside in Michigan and would be inconvenienced if they were
3  required to travel to attend trial.  Clark Mot. at 13.  Clark neither identifies these witnesses nor
4  describes their testimony, however, and gives no indication that either of his two businesses
5  named as defendants have *any* employees other than himself.  *See* Clark Decl. ¶¶ 11-13.

6  Finally, in deciding a motion for transfer under section 1404(a), the plaintiff's choice of
7  forum is entitled to weight.  *See*, *e.g.*, *Wireless Commc'ns Alliance*, 2003 WL 22387598, at *3.
8  Here, Plaintiff specifically requests that the Court transfer this action to the Northern District of
9  Ohio.  *See* Pl.'s Opp'n to Clark Mot. at 1, 5-6; Pl.'s Non-Opposition to National City Bank Mot.
10 at 1, 3-4.  In these circumstances, Clark has not and cannot show that the convenience of the
11 parties or the interest of justice support his motion for a transfer to the Western District of
12 Michigan.

### IV.    CONCLUSION

For the foregoing reasons, Clark's motion to transfer this action to the Western District of Michigan or dismiss should be denied.

Dated: August 25, 2008

Respectfully submitted,

JONES DAY

By:    /S/ Roderick A. McLeod
       Roderick A. McLeod

Counsel for Defendant
NATIONAL CITY BANK

SFI-588380v4