Richard D. Marca, State Bar #127365
Jamie E. Wrage, State Bar #188982
**GRESHAM SAVAGE NOLAN & TILDEN,**
**A Professional Corporation**
3750 University Avenue, Suite 250
Riverside, CA 92501
Telephone: (951) 684-2171
Facsimile: (951) 684-2150
Richard.Marca@greshamsavage.com
Jamie.Wrage@greshamsavage.com

Attorney for Defendants,
ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation and FORTRESS GROUP USA, LLC, a Michigan limited liability company

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAU PAPATHEODOROU, an individual;<br><br>    Plaintiff,<br><br>vs.<br><br>ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation, FORTRESS GROUP USA, LLC, a Michigan limited liability company; NATIONAL CITY BANK, an Ohio corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. C08 01905 JW<br><br>ASSIGNED FOR ALL PURPOSES<br>To The Honorable James Ware<br><br>Courtroom 8<br><br>**REPLY IN SUPPORT OF MOTION BY DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC TO TRANSFER OR DISMISS FOR IMPROPER VENUE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) AND 28 USC § 1406(a); OR IN THE ALTERNATIVE TO TRANSFER PURSUANT TO 28 USC § 1404(a); POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 15, 2008<br>Time: 9:00 am |

GRESHAM SAVAGE NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

303033.1

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Chau Papatheodorou ("Papatheodorou") and Defendant National City Bank (the "Bank") jointly oppose the motion to transfer the claims against Defendant Fortress Group USA, LLC ("Fortress") and related-Defendants Roger Clark ("Clark") and CRM Investors Corporation ("CRM") (collectively, the "Fortress Defendants") to the Western District of Michigan, and ask instead that the entire action be transferred to the Northern District of Ohio. In reaching this accord, these strange bedfellows dismiss that the agreement that forms the basis of all of Papatheodorou's claims against the Fortress Defendants has a mandatory Michigan forum selection clause. Papatheodorou and the Bank prefer to focus on the Ohio forum selection clause in the Escrow Agreement entered into between the Fortress Defendants and the Bank to implement the investment laid out in the Participation Agreement.

But Plaintiff is not suing the Fortress Defendants based upon the Escrow Agreement. And the Bank is not suing the Fortress Defendants at all. It is the Participation Agreement that is the nucleus of the entire transaction. Thus, the mandatory Michigan forum selection clause in the Participation Agreement, which forms the basis of the transaction that led to all of Papatheodorou's breach of contract and fraud claims, supports the transfer to Michigan, not Ohio.

In arguing in favor of Ohio venue for all parties because of "convenience," neither Papatheodorou nor the Bank made any attempt to distinguish the case of *American Patriot Ins. Agency, Inc. v. Mutual Risk Mgmt., Ltd.* (7th Cir. 2004) 364 F.3d 884, which was highlighted in the opening brief. *American Patriot* is instructive. When there are multiple defendants and multiple contracts at issue, the plaintiff is bound by the venue and choice of law provisions in the agreement that

- 1 -

GRESHAM SAVAGE NOLAN & TILDEN, A PROFESSIONAL CORPORATION 3750 University Ave., Ste. 250 Riverside, CA 92501-3335 (951) 684-2171

303033 1

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS

forms the basis of the transaction between the parties at issue, and that may well mean that the claims are properly heard in different venues. Here, Plaintiff is bound by the Michigan forum selection clause in the Participation Agreement as to her claims against the Fortress Defendants. For the same reason, she is arguably bound by the Ohio forum selection clause in the Escrow Agreement for her claims against the Bank (and she has now agreed to that forum).

Alternatively, because the Participation Agreement is the basis for the overall transaction, its Michigan forum selection clause applies to the entire action. There would be no relationship between Papatheodorou and the Bank (and no Escrow Agreement) were it not for the Participation Agreement. As such, the terms of the Participation Agreement should govern venue for all related claims.

The Fortress Defendants therefore seek a transfer of the claims against them, or the entire action, to the Western District of Michigan. Or, as set forth in their moving papers, they alternatively ask the Court to consider dismissing the claims against them to be refiled in the proper forum.

## II.
## RELEVANT FACTS

There are two main documents at issue in the pending motions. The first is the Participation Agreement between Papatheodorou and Fortress, which contains a Michigan forum selection clause. (Complaint, Ex. A (Participation Agreement), ¶7 ("The State of Michigan shall be the legal venue with respect to this Participation Agreement *and any action in relation thereto*" (emphasis added)").[1] The second is Escrow Agreement between Fortress and the Bank (the "Escrow Agreement"), which contains an Ohio forum selection clause. (*Id.*, Ex. B at ¶12.)

///

---

[1] The Bank attached a different version of the Participation Agreement to its motion which contains the same forum selection clause. Decl. of Dawn DeWerth, Ex. 2 (Docket # 21.) Clark and CRM are not parties to the Escrow Agreement.

- 2 -

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS

The Bank has no contract with Papatheodorou. To maintain her claims against the Bank, Papatheodorou claims to be a third-party beneficiary to the Escrow Agreement, and that the Bank breached that agreement. (Complaint at ¶45.)[2] Her claims against the Fortress Defendants are based upon an alleged breach of the Participation Agreement. (*Id.* at ¶49.)

For her dispute with the Fortress Defendants, Papatheodorou is bound by the forum selection clause in the Participation Agreement. She and the Bank now claim that Papatheodorou is bound by the Ohio forum selection clause in the Escrow Agreement with regard to her disputes with the Bank. In a leap of logic, they then conclude that since Papatheodorou is bound by the Ohio forum selection clause in her dispute with the Bank, those claims must negate the Michigan forum selection agreement she had with the Fortress Defendants in the Participation Agreement. This conclusion is incorrect.

### III.

### PAPATHEODOROU AND THE BANK WILL NOT BE DEPRIVED OF THEIR DAY IN COURT IF THE MICHIGAN FORUM SELECTION CLAUSE IS ENFORCED

Venue provisions are for the benefit of defendants. *Hoover Group, Inc. v. Custom Metalcraft, Inc.* (Fed. Cir. 1996) 84 F.3d 1408, 1410. Forum-selection clauses are presumptively valid. *Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 32. They should be honored "absent some compelling and countervailing reason." *Id.* at 12. Exceptions to the enforcement of forum-selection clauses are narrowly construed. *Argueta v. Banco Mexico, S.A.* (1996) 87 F.3d 320, 325. The party challenging a forum-selection clause bears a "heavy burden of proof" that for some reason enforcement of the clause would effectively deprive a party of its day in court. *Bremen,* 407 U.S. at 15; *Argueta,* 87 F.3d at 325. Neither Papatheodorou nor the Bank can properly argue they would be deprived of their day in court if

---

[2] The Bank has not cross-complained against the Fortress Defendants.

- 3 -

GRESHAM SAVAGE NOLAN & TILDEN, A PROFESSIONAL CORPORATION 3750 University Ave., Ste. 250 Riverside, CA 92501-3335 (951) 684-2171

303033.1

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS

Papatheodorou is held to her agreement to litigate any claims under the Participation Agreement in Michigan.

### A. Where There Are Conflicting Venue Provisions, It Is Not Inappropriate For Claims Against Different Defendants To Be Tried In Different Venues

The case of *American Patriot* demonstrates that when there are competing agreements, it not unusual for claims to be split between venues. 364 F.3d 884. While disregarded by Papatheodorou and the Bank, the facts and holding in the *American Patriot* case bear consideration.

Plaintiff American Patriot Insurance Agency ("Patriot") filed a lawsuit against a group of insurance company defendants (the "Insurance Defendants") and against an unaffiliated policy administrator hired by the Insurance Defendants (the "Administrator"). Patriot did not have a direct contract with the Insurance Defendants, but did have a contract called the "Shareholder Agreement" with an affiliated company. The court found the Shareholder Agreement to be the "principal" agreement among several contracts relating to the parties' relationship; those contracts formed a "package" that "all worked together to create and administer the insurance program." 364 F.3d at 888-89. The Shareholder Agreement had a Bermuda forum selection clause. *Id.* at 886.

Patriot did not have a contract with the Administrator, but claimed to be a third-party beneficiary to the written agreement between the Insurance Defendants and the Administrator. 364 F.3d at 889. That written agreement contained a clause requiring binding arbitration under Texas law. *Id.*

In comparison, here Papatheodorou has a contract with the Fortress Defendant, the Participation Agreement. The Participation Agreement is the "principal" agreement among the documents that govern the relationship between Papatheodorou and Fortress. (Complaint, Ex. A.) And like the facts in *American Patriot*, Papatheodorou does not have a contract with the Bank, but claims to be a

- 4 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

303033.1

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS

third-party beneficiary under the Escrow Agreement. The Escrow Agreement contains an Ohio forum selection clause. (Complaint, Ex. B.)

In *American Patriot,* the result of the conflicting contract terms was that the matters were properly litigated in different forums. After affirming the dismissal of the claims against the Insurance Defendants for improper venue based upon the clear Bermuda forum selection clause in the "principal" agreement between them, the Seventh Circuit turned to the issue of the Administrator. Because Patriot claimed to be a third-party beneficiary under the Administrator's contract, the Court of Appeal held that Patriot was bound to the Texas choice of law provision and arbitration clause therein. *American Patriot,* 364 F.3d at 890. Because the Administrator had not sought to invoke the arbitration provision, the dismissal of the claims against the Administrator was reversed, leaving those claims in the Northern District of Michigan. *Id.* Thus, because of the competing provisions in the operative agreements, the claims against the Insurance Defendants were transferred to Bermuda and the claims against the Administrator remained in the Northern District of Illinois pending any further motion work by the Administrator.

Here, as in *American Patriot,* the claims against the Fortress Defendants are properly transferred to the Western District of Michigan or dismissed. As for the Bank, now that it has raised the issue of venue under the Escrow Agreement, Papatheodorou's claims against it should be transferred to the Northern District of Ohio.[3]

///
///
///

---

[3] The Bank argues that the Fortress Defendants should be estopped from defending themselves in Michigan because the Bank is entitled to be indemnified. Bank Opp. at 7-8. This argument is a red herring. If the Bank believes it is entitled to indemnity, it can certainly cross-complain on that basis in the action pending against it regardless of forum.

- 5 -

## B. Should The Court Determine All Claims Should Be Tried In The Same Forum, The Western District Of Michigan Is The Proper Venue

Alternatively, should the Court determine that all defendants are properly tried together, the proper forum for the entire action is the Western District of Michigan because it is the Participation Agreement that is integral to and connects all of Papatheodorou's claims. The Participation Agreement is the agreement that sets forth all of the rights and duties between Papatheodorou and Fortress including the operation of the escrow account at the Bank. (Complaint, Ex. A.) The Escrow Agreement, on the other hand, is a tool to implement the terms set forth in the Participation Agreement. (*Id.*, Ex. B.) The Escrow Agreement specifically provides that the funds are to be held in escrow in accordance with the terms of the Participation Agreement. (*Id.*, Ex. B at ¶A.)

The Bank makes the argument that based upon the holding in *Adelson v. World Transp., Inc.*, 631 F. Supp. 504, 508 (S.D. Fla. 1986), the competing forum selection clauses call for a transfer to Ohio. The Bank is correct that *Adelson* is important, but misinterprets the result of applying the *Adelson* rule.

In *Adelson*, the investor-plaintiffs filed a class action relating to a stock purchase. *Id.* at 506. They all signed purchase agreements with a Southern District of New York forum selection clause. *Id.* The purchase agreements were the "sole means by which the plaintiffs invested in the tax shelter program." *Id.*

To avoid venue in the Southern District of New York, the investor-plaintiffs pointed the court to different forum selection clauses in other documents that related to the management and operation of the investment. *Id.* at 508. The court dismissed this argument finding that a proper analysis should look to which relationship was the basis of the transaction. In *Adelson,* the relationship between the investor-plaintiffs to the managers/operators arose out of the investor-plaintiffs'

///

- 6 -

GRESHAM SAVAGE
NOLAN & TILDEN,
A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

303033.1

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS

relationship with the seller. Thus, the purchase agreement between the investor-plaintiffs and the seller was the "basis" of the transaction. *Id.*

Likewise here, the relationship between the Bank and Papatheodorou arose about the relationship between Papatheodorou and the Fortress Defendants.[4] The Participation Agreement was the "sole means by which the [Papatheodorou] invested" in the T-Bills Program. Thus, the Participation Agreement between Papatheodorou and the Fortress Defendants was the "basis" of the transaction, and its Michigan forum selection clause should prevail. *Id.*

## III.
## CONCLUSION

For the reasons set forth above and for all of the reasons in the initial moving papers, the Fortress Defendants respectfully request that this Court transfer the claims against them (or alternatively the entire action) to the Western District of Michigan, or dismiss the same to be refiled by Plaintiff.

Dated: August 29, 2008               Respectfully Submitted,

                                     GRESHAM SAVAGE NOLAN &
                                     TILDEN, A Professional Corporation

                                     By: _____
                                     Richard D. Marca
                                     Jamie E. Wrage
                                     Attorney for Defendants,
                                     ROGER CLARK, CRM INVESTORS
                                     CORPORATION and FORTRESS
                                     GROUP USA, LLC

---

[4] The Bank argues that the "gravamen" of Papatheodorou's claims arise out of the Escrow Agreement. Bank. Opp. at 6. To make this argument, the Bank must ignore the fact that without the Participation Agreement there would be no reason to have the Escrow Agreement. It is the Participation Agreement that forms the basis for all of Papatheodorou's claims.

- 7 -

GRESHAM SAVAGE NOLAN & TILDEN, A PROFESSIONAL CORPORATION
3750 University Ave., Ste. 250
Riverside, CA 92501-3335
(951) 684-2171

303033.1

DEFENDANTS ROGER CLARK, CRM INVESTORS CORPORATION AND
FORTRESS GROUP USA, LLC'S REPLY TO MOTION TO TRANSFER OR DISMISS