Roderick A. McLeod (State Bar No. 104694)
Peter E. Davids (State Bar No. 229339)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104-1500
rmcleod@jonesday.com
pdavids@jonesday.com
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
NATIONAL CITY BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAU PAPATHEODOROU, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROGER CLARK, an individual; CRM INVESTORS CORPORATION, a Michigan corporation; FORTRESS GROUP USA, LLC, a Michigan limited liability company; NATIONAL CITY BANK, an Ohio corporation, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. C 08-01905 JW<br><br>REPLY IN SUPPORT OF MOTION BY DEFENDANT NATIONAL CITY BANK TO TRANSFER OR DISMISS FOR IMPROPER VENUE, AND TO DISMISS PURSUANT TO FRCP 12(b)(6)<br><br>Date:　　September 15, 2008<br>Time:　　9:00 a.m.<br>Dept.:　　Courtroom 8<br>Judge:　　Hon. James Ware |

1  The Court should grant Defendant National City Bank's motion to transfer this action to the Northern District of Ohio for the reasons discussed in that motion. (*See* Docket #20.) Plaintiff had the burden to show that venue is proper in this district. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Markel Am. Ins. Co. v. Pac. Asian Enters., Inc.*, No. C 07-5749 SC, 2008 WL 2951277, at *2 (N.D. Cal. July 28, 2008). Rather than arguing that venue is proper here, Plaintiff stipulates that the Northern District of Ohio is the proper forum for this action and requests that the Court transfer this action there. (Docket # 32 at 1, 3-4; *see also* Docket # 31 at 1, 5-6.)

Defendants Roger Clark, CRM Investors Corporation, and Fortress Group USA, LLC ("the Clark defendants") partially oppose National City Bank's motion to transfer, asserting that Plaintiff's claims against them must be transferred instead to the Western District of Michigan. (Docket # 34.) As discussed in National City Bank's opposition to the Clark defendants' motion to transfer (Docket # 33), their proposal does not make common sense. Litigating closely related claims in two districts would squander judicial resources, inconvenience the parties and witnesses, and could result in inconsistent judgments.

Regarding National City Bank's motion to dismiss the Third and Fourth Causes of Action of the Complaint for failure to state a claim upon which relief can be granted, the Court has discretion to decide that motion or allow the Northern District of Ohio to do so. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 n.3 (N.D. Cal. 2006) (once transfer granted, court "need not" decide Rule 12(b)(6) motion). We therefore leave this decision to the Court's sound discretion.

Dated: August 29, 2008

Respectfully submitted,

JONES DAY

By:   /S/ Roderick A. McLeod
        Roderick A. McLeod

Counsel for Defendant
NATIONAL CITY BANK

SFI-591095v1